■ ELEANOR G. FREMONT, Respondent, v. RUDOLPH E. FREMONT, Appellant. — In an action for a judicial separation brought by the plaintiff wife on the grounds of cruel and inhuman treatment and abandonment, in which the defendant husband counter-claimed for an annulment of the marriage on the ground that, at the time of the marriage, the plaintiff was not validly divorced from her first husband, the defendant appeals from an amended judgment of the Supreme Court, Kings County, entered March 21, 1963 upon the opinion and decision of the court after a nonjury trial, which: (a) granted to the plaintiff wife a separation from the defendant; (b) awarded her permanent alimony of $90 per week; and (c) dismissed the husband's counterclaim for annulment. Amended judgment modified on the law and the facts as follows: (1) by striking out its first and second decretal paragraphs, which grant the plaintiff a separation on the grounds of cruel and inhuman treatment and abandonment; (2) by striking out its third decretal paragraph, which awards $90 per week to the plaintiff as permanent alimony; and (3) by substituting therefor a provision dismissing the complaint on the merits. Findings of fact numbered 4 to 31, inclusive, and those numbered 33, 35, 37, 38, 41, 42 and 43 are reversed. In lieu thereof, the following findings are made: (1) that the plaintiff failed to prove cruel and inhuman treatment of her by the defendant; (2) that the plaintiff failed to prove that the defendant abandoned her; (3) that the plaintiff failed to prove that the defendant left the marital abode without just cause and with-

out her consent; and (4) that the parties have been living apart by their mutual consent. We also make the additional finding stated below with respect to the counterclaim. As so modified the amended judgment is affirmed, without costs. In our opinion, since the proof does not establish cruel and inhuman treatment or abandonment but on the contrary does establish that the parties have been and are living apart by mutual consent, their rights must be governed accordingly. Under the circumstances, the wife is not entitled to a judicial decree of separation or to alimony (*Batchelor* v. *Batchelor*, 295 N. Y. 544). We are also of the opinion that the husband's counterclaim for annulment was properly dismissed. He has failed to overcome the presumption of validity which attaches to the decree of divorce which the wife obtained against her first husband in the State of Florida (*Ratkowsky* v. *Ratkowsky*, 278 App. Div. 847). We make an additional finding to that effect. Christ, Acting P. J., Brennan, Hill, Rabin and Hopkins, JJ., concur.